UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALERIE FLORES,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>HABITAT FOR HUMANITY OF DANE COUNTY, INC, et al.,<br><br>　　　　　　　　　　Defendants. | 1:24-CV-5344 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　　　Plaintiff Valerie Flores brings this *pro se* action invoking both the court's federal question jurisdiction and its diversity jurisdiction, and seeking injunctive relief. In her complaint, Plaintiff names as a defendant only Habitat for Humanity of Dane County, Inc. ("HFHDC"), of Madison, Dane County, Wisconsin. In her accompanying request to proceed *in forma pauperis* ("IFP"), however, she appears to name as defendants: (1) HFHDC or "Habitat for Humanity, Inc."; (2) the "State of Wisconsin Dept. of Workforce Development Equal Rights Division" ("WERD"); and (3) the "Labor Industry Review Commission of New York" ("LIRCNY"). For the following reasons, the Court transfers this action to the United States District Court for the Western District of Wisconsin.

## DISCUSSION

　　　　Plaintiff asserts claims of discrimination against HFHDC based on her disabilities, marital status, family status, gender, race, domestic violence-victim status, age, socioeconomic status, and physical appearance. The appropriate venue provision for Plaintiff's claims appears to be 28 U.S.C. § 1391(b). Under that provision, a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] § 1391(c)(1), (2).

Plaintiff alleges that HFHDC, a corporation, is a citizen of Wisconsin, and that it is located and, thus, resides in Madison, Dane County, Wisconsin. (*See* ECF 1, at 2.) If HFHDC also resides elsewhere, Plaintiff does not allege anything to show such additional residency. While it appears that WERD may also reside somewhere in Wisconsin, and that LIRCNY may reside somewhere in New York, Plaintiff does not allege any facts showing where those defendants reside. Because it is clear that not all of the defendants reside within the State of New York, however, this court is not a proper venue for this action under Section 1391(b)(1).[2]

---

[1] With respect to a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Plaintiff seems to allege that a substantial part of the alleged events that are the bases for her claims – the alleged actions of HFHDC[3] – have occurred where she alleges HFHDC is located and resides, in Madison, Dane County, Wisconsin (*see id.* at 2-3), which lies within the Western District of Wisconsin, *see* 28 U.S.C. § 130(b). Plaintiff asserts nothing to suggest that any of the alleged events occurred within this judicial district. Thus, under Section 1391(b)(2), the United States District Court for the Western District of Wisconsin is a proper venue for this action, and this court is not.

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, venue lies in the United States District Court for the Western District of Wisconsin. In the interest of justice, this Court transfers this action to that court. *See id*.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Wisconsin. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

---

[3] Plaintiff alleges nothing about any of the other defendants.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 23, 2024
              New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge